## MERRILL *v.* DOCKERY.

[86 South. 709.   No. 21416.]

1. ANIMALS. *Error to instruct that trespassing animals must have done all damage before recovery can be had.*

   Where a suit for damage done by trespassing animals is instituted, it is reversible error to instruct the jury that before plaintiff can recover the hogs of defendant must have done all of the damage sued for.

2. TRIAL. *Where plaintiff's evidence certain as to damages, error to instruct that if evidence is indefinite jury shall find for defendant.*

   Where the evidence of the plaintiff is definite and certain as to damages, it is reversible error to instruct the jury that if the evidence is indefinite then the jury shall find for the defendant,

APPEAL from circuit court of Adams county.

HON. R. E. JACKSON, Judge.

Action by J. S. Merrill against Octavia Dockery. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Engle & Laub,* for appellant.

This case should be reversed for the reason that the court awarded the following instructions to the appellee: Instruction No. 1. The court instructs the jury for the defendant that before they can find for plaintiff they must believe by preponderance of the evidence that defendant's hogs did all the damage if any, and if you believe from the evidence that Miss Dockery's hogs did not do any damage then you should find for defendant. This instruction sets out two propositions:

First, that before the jury can find for the plaintiff they must believe by a preponderance of the evidence that defendant's hogs did all the damage, if any. We submit that this is an improper statement of the law under the facts of this case. If it was shown by a preponderance of the evidence that the hogs of the defendant did some of the damage claimed, then we insist the appellee must be liable for the damages done by her hogs whether other hogs did a part of the damage inflicted upon the appellant or not.

The second part of the instruction which reads: "and if you believe from the evidence that Miss Dockery's hogs did not do any damage, then you should find for defendant, is contradictory of the first part of the instruction and cannot off-set the harm done to appellant by the first part of the instruction. The instruction in question sets up two distinct lines of reason which are diametrically opposed and are misleading to the jury and unfair to the appellant. It was manifest error to have granted this instruction and no instruction of either the appellant or the appellee cures the error done by this instruction 1 which is above quoted.

Second Assignment of Error. The court erred in granting the appellee instruction 2 which reads: "The court instructs the jury that if the evidence of the alleged damage is indefinite, then they shall find for the defendant." The giving of this instruction was unwarranted by the facts proved in this case and imposed an unfair burden upon the appellant. The proof in this particular case as disclosed by the record was as certain as proof for damage done by trespassing animals can reasonably be made. Each item of damage done was proved to the dollar. Aside from this, the instruction does not state the law as to unliquidated damages in a case sounding in tort.

The instruction tells the jury in substance that before appellant can recover, the evidence as to the damage must be definite because the instruction says that if the evidence of the damage is indefinite the jury should find for defendant, appellee here. Definite mans having fixed limits; bounded with precision. This instruction imposed the burden on appellant of proving her damages to a mathematical certainty. In cases sounding in tort the law does not require absolute certainty as to damages. The evidence as to damage may be general and the law only requires such certainty as may enable the jury to determine reasonably the amount of the damages. As a naked statement of the law this instruction is erroneous and as applied to the facts of the particular case the instruction is highly prejudicial.

Third Assignment of Error. The third instruction given for the appellee informed the jury that if they were not satisfied both as to amount of damages and whose hogs did it, then they should find for defendant. The vice of this instruction is when it is taken in connection with instruction one and two.

Instruction 1 stating the appellee's hog must have done all the damages and instruction 2 stating the evidence of the damages must not be indefinite, or in other words must be definite. Viewing these three instructions together the court can readily see that not only are they erroneous as

open statements of the law, but that when taken together they are absolutely incorrect, unfair and highly prejudicial.

Fourth Assignment of Error. The proof in this case showed clearly without contradiction that the hogs of appellee had done damage to the property of the appellant and this proof entitled the appellant to a peremptory instruction which should have been given.

*L. T. Kennedy,* for appellee.

The plaintiff's evidence of damage is uncertain and indefinite, and she says that the damages started before she acquired the property. She of course could not recover for damages that occurred before she acquired the property. She particularly describes the hogs which did the damages claimed and the defendant says that she has not or never had any such hogs.

Appellant assigns as error: The first instruction to the jury for defendant to the effect, that before the jury could find for the plaintiff they must believe from the evidence that defendant's hogs did all the damage. This instruction is good law under the facts of this case. The jury could not award damages against the defendant except her hogs did all the damage claimed that her hogs did. The defendant offered evidence to show that her hogs did not do any of the damage because she had no such hogs as were described as having done the damage. And the jury believed the defendant. However, instruction one for the plaintiff advised the jury that, they could find for the plaintiff in such amount as the evidence showed she was damaged by the hogs or pigs of the defendant.

Appellee complains in the second assignment, that the court erred in instructing the jury that if the evidence of the damages was indefinite that they should find for defendant. This is good law for if the evidence is indefinite a jury cannot base a verdict thereon. Damages may be estimated but the evidence making the estimation must be definite.

The third assignment is based upon the alleged error in advising the jury that the burden of proof was on the plaintiff to show the amount of the damages and that defendant's hogs did the damage. The burden of proof is on the plaintiff and the law is plainly and correctly stated in the instruction. In fact it cures any alleged error in the first instruction, because it advises the jury that the amount of the damages may be fixed by them as shown by the evidence.

The fourth assignment complains of the failure to give a peremptory instruction. This is plainly correct, if for no other reason than the defendant, stated that her hogs did not do any of the damage, and that she did not have any such hogs as were described in the bill for damages.

The evidence of Judge DIERS, relating to January, 1917, just after the alleged damage, was competent. However he stated what he was doing when he saw it and it could not have been prejudicial to the plaintiff. This is a trivial suit by a lady who admits that she does not want a hog to be within twenty-five miles of her.

It has been heard by a justice of the peace, who dismissed the case, a jury who refused any damages and a circuit judge who refused a new trial. It was tried by a lawyer who is no longer in the case for the plaintiff, and in fact it appears from the entire record that the plaintiff is very desirous of litigation and in fact has a mania for appearances in court. The brief of counsel herein in that of one wholly unfamiliar with the record but discusses abstract propositions of law. The issues involved were of fact; were presented to a jury under proper instruction and the jury settled the question.

We submit that the case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Miss Merrill sued Miss Dockery for damages occasioned her by Miss Dockery's hogs trespassing upon her property and destroying her shrubbery, Lespedeza patch, and

other property. When the suit was filed a writ of seizure
was issued and placed in the hands of the sheriff, com-
manding him to seize the property. The writ commanded
the seizure of all hogs owned by Miss Dockery upon the
Dana place as follows: Four black and white sows, one
black and white male, one black and white barrow, four-
teen more or less, black and white shoats. The sheriff re-
turned:

"I have this day executed the within summons and writ
by delivering to Miss Dockery, the defendant, a true copy
of this writ, in person, and further by taking into my pos-
session the following described hogs owned and claimed by
the defendant, and found in her possession on the Dana
place, to wit: Four black and white sows; one black and
white male hog; one black and white barrow. I saw 11
black and white shoats on or near the line of the Dana
place and the Fatherland plantation which Miss Dockery
said did not belong to her and which I did not seize. The
said defendant stated that the swine seized were all the
swine owned by her. I left the sows and hogs in the pos-
session of Miss Octavia Dockery for me, subject to the levy
of said writ."

Miss Dockery testified that the hogs seized were not her
hogs, and the plaintiff testified that the hogs seized did the
damage, at least in connection with some other hogs all
running together, and that the defendant had on former oc-
casions claimed ownership of the hogs. There was testi-
mony for the plaintiff that the particular hogs recognized
by the plaintiff as Miss Dockery's hogs did specific actual
damage involved in the amount sued on.

The plaintiff obtained one instruction which reads as
follows:           .

"The court instructs the jury for the plaintiff that if
you believe from the evidence in this case that damage
was done to the property of the plaintiff as alleged in the
petition in this case, and the same was done by hogs or
pigs belonging to the defendant, then you should find for
the plaintiff in such amount as you may believe from the

evidence she may be entitled to, not exceeding the amount sued for."

The defendant's instruction No. 1 reads as follows:

"The court instructs the jury for the defendant that before they can find for plaintiff they must believe by a preponderance of the evidence that defendant's hogs did all the damage, if any, and if you believe from the evidence that Miss Dockery's hogs did not do any damage, then you shall find for the defendant."

And the giving of this instruction is assigned for error. We think the instruction is erroneous when applied to the facts in this case. The evidence shows that some of the defendant's hogs did the damage, or a part of it, and while on some occasions all of the bunch of hogs were together, still on other occasions only a part of the hogs described by the witnesses and as described in the sheriff's return did parts of the damage. If the defendant's hogs were trespassing upon property of the plaintiff, the plaintiff would be entitled to some damage for the trespass, and such actual damages as the proof would show the hogs did. We think under the evidence in this case the instruction ought not to have been given in the form it was.

Instruction No. 2 for the defendant reads as follows:

"The court instructs the jury that if the evidence of the alleged damage is indefinite, then they shall find for the defendant."

While the rule is that damage to be recoverable must be shown by evidence which is certain or definite, still, as applied to this case, there is no trouble with the evidence so far as the damage is concerned. The items of damage are distinctly testified to. It is not a case where the proof is so uncertain that two reasonable conclusions can be drawn from it. The only uncertainty at all in the present case is not as to the damage done, but as to the hogs that did it, and that is definite according to witnesses for the plaintiff.

For the errors indicated, the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*